Jim J. Valcarce
VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
Phone: (907) 543-2744
Facsimile: (907) 543-2746
Email: Jim@bushlawyers.com
ABA # 9505011

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| OCTAIVIA WILSON<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | **COMPLAINT FOR DAMAGES**<br><br>Case NO. _____Civil |

COMES NOW the plaintiffs, OCTAIVIA WILSON, by and through counsel, Valcarce Law Office, LLC, for her cause of action against defendant, states and alleges as follows:

### ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiffs at all times relevant hereto were resident of the State of Alaska.

2. The practitioners and health care workers named herein, as well as all of those who provided care on August 18- 29, 2014, worked for and were agents of United States, charged with providing care to Alaska Natives pursuant to Compacts with the U.S.

3. All practitioners and health care workers named, and those that provided care to the plaintiff on August 18 to August 29, 2014, were employed, agents of, and working for Norton Sound Regional Hospital and/or the Alaska Native Medical Center. All such health care worker's and practioner's activities and work arose from employment with an agency of the U.S., or otherwise pursuant to 25 C.F.R. 900.192; and all such persons are eligible for Federal Tort Claim Act coverage, pursuant to 28 U.S.C. 2679(d)(1).

4. LC R Gilheany, RN, who treated the plaintiff on or about August 18, 2014, was employed by and her work arose from employment with an agency of the U.S., or otherwise pursuant to 25 C.F.R. 900.192; and she her acts and omissions arise from a Compact with the U.S. and otherwise she is eligible for Federal Tort Claim Act coverage, pursuant to 28 U.S.C. 2679(d)(1).

5. On or about August 17, 2014, the plaintiff underwent emergency surgery due to hemorrhaging. At this same date and time Shiloh Small, M.D., placed a Bakri balloon and vaginal packing in plaintiff's vagina to stop the bleeding.

6. On or about August 18, 2014, R.N. Gilheany removed the Bakri but not the packing.

7. From August 18, 2014 to August 29, 2014 plaintiff suffered from pain and distress associated with the packing, she sought treatment, but no one looked for, discovered or removed such packing.

8. On August 29, 2014, the packing was discovered and removed, and plaintiff finally treated for what had now become a severe infection. Had practitioners properly diagnosed and treated earlier, more likely than not, plaintiff would not have suffered damages set forth below.

9. Due to numerous breaches of the standard of care and negligent acts an omissions by the health care workers, including those set forth above, plaintiff suffered damages and permanent impairments, further detailed below.

## CAUSE OF ACTION: NEGLIGENCE

10. Plaintiff reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs, and further allege as follow:

11. Defendant, through its agents and servants -- and compact entities of the U.S. -- had a duty to provide quality medical care to the plaintiff. Defendant, by and through it agents, servants and employees, breached the applicable duty of care, and were negligent in acts and omissions, including but not limited to:

    a) Failing to remove packing;

    b) Failing to do appropriate diagnosis, testing, procedures and follow-up care;

    d) Failure to provide reasonable treatment;

    c) Failure to properly treat;

    d) Failure to reach a reasoned diagnosis;

    e) Failure to follow up;

    f) Failure to provide adequate care;

    g) Failure act with the necessary degree of urgency;

h) Failure to keep adequate medical records.

## CLAIM FOR RELIEF

### (Medical Malpractice)

12. As a direct and proximate result of defendant's negligence, plaintiff experienced past and future non-economic losses, physical injury, pain and suffering, severe emotional distress, mental anguish and other injury, harm in an amount in excess of $100,000.00, the exact amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

1. All claims for compensatory damages in excess of $100,000.00 each, the exact amount to be determined at trial;

2. For interest, costs and attorney's fees; and

3. For such other and further relief as the Court deems just and proper.

DATED this 15 day of ~~November~~ Oct, 2015 at Bethel, Alaska.

VALCARCE LAW OFFICE, LLC
Attorneys for Plaintiffs

_____
Jim Valcarce
ABA No. 9505011

**CERTIFICATE OF SERVICE:**
The undersigned hereby certifies that on this 15 of October, 2015, a true and correct copy was served on the following:

Attorney General

Wilson v. U.S.                                            Page 4 of 5
*Complaint*

Office of the U.S. Attorney General
U.S. Department of Justice
Main Justice Building
10th & Constitution Avenue NW
Washington, D.C. 20530
U.S. Attorney

Office of the U.S. Attorney, District of Alaska
U.S. Department of Justice
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567

*/s/ Thelma Kaganak*
Thelma Kaganak